**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| TONY NEELY a/k/a<br>TONY CURRUTHERS,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Cv. No. 2:22-cv-02433-SHM-tmp<br>Cr. No. 2:09-cr-20439-SHM |

**ORDER GRANTING § 2255 RELIEF**

Before the Court is Movant Tony Neely's 28 U.S.C. § 2255 Motion, in which he challenges his status as an armed career criminal, under *Borden v. United States*, 141 S. Ct. 1817 (2021), based on his two 1991 convictions for Tennessee aggravated assault (*see* ECF No. 1 at PageID 6; *see* ECF No. 5). The government has filed its Response of the United States to Petitioner's Motion (ECF No. 9).

On October 27, 2009, a federal grand jury in the Western District of Tennessee returned a two-count indictment against Neely, charging him with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). (Cr. No. 09-20439, ECF No. 3.) On November 10, 2010, a jury convicted Neely on both counts charged in the indictment. (ECF Nos. 45, 46 & 48.) The Presentence Investigation Report ("PSR") calculated Neely's guidelines sentencing range under the 2010 edition of the United States Sentencing Commission Guidelines Manual. Neely was subject to a three-level enhancement because he was found to be an armed career criminal under

the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  (PSR ¶ 23.)  The PSR identified six prior convictions for violent felonies:

- a 1986 Tennessee conviction for burglary in the third degree;
- a 1991 Tennessee conviction for solicitation to commit robbery;
- two 1991 Tennessee convictions for aggravated assault;
- a 1993 Tennessee conviction for burglary of a building; and
- a 2004 federal conviction for aiding and abetting armed bank robbery.

(*Id*. ¶¶ 31, 39, 40, 41, 46.)  On March 22, 2011, the Court sentenced Neely to 241 months in prison with a five-year period of supervised release.  (ECF Nos. 55 & 56.)

In a prior § 2255 motion, the United States conceded that Neely's 1986 Tennessee conviction for burglary in the third degree and his 1991 Tennessee conviction for solicitation to commit robbery no longer qualified as violent felonies.  (*See* Civ. No. 13-2556, ECF No. 32 at PageID 155–56; *see* Civ. No. 22-2433, ECF No. 9 at PageID 9.)  Although neither the Sixth Circuit nor the Supreme Court has taken a position on whether *Borden* applies retroactively on collateral review, the United States concedes in its response to the instant § 2255 motion that Neely's 1991 Tennessee aggravated assault convictions could have been based on a *mens rea* of recklessness and are no longer violent felonies under *Borden*.  *Id.* at PageID 11-13; *see also In re Banks*, No. 22-5026, 2022 U.S. App. LEXIS 18066, at *3 (6th Cir. June 29, 2022) (stating that Supreme Court has not held *Borden* retroactive). The government thus implicitly concedes that *Borden* applies retroactively on collateral review.

The Tenth Circuit has held that *Borden* applies retroactively on collateral review. *United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022). The Supreme Court has long held that rulings that "narrow the scope of a criminal statute by interpreting its terms" are substantive rules

that apply retroactively. *Welch v. United States*, 578 U.S. 120, 129 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)). A decision can be a new substantive rule that applies retroactively even where application of the new rule does not render the defendant's conduct entirely non-criminal. *Id.* at 129–30 (applying *Johnson v. United States*, 576 U.S. 591 (2015), retroactively to determine that an ACCA sentence could be invalidated even where underlying conduct was still criminalized by other laws). Here, although Neely's offense of possessing a firearm remains subject to criminal sanction, *Borden* narrowed the scope of the ACCA and should be applied retroactively. Because *Borden* applies retroactively, Neely has only two convictions that would qualify as violent felonies. (*Id.* at PageID 13.)

Neely does not meet the definition of an armed career criminal under 18 U.S.C. § 924(e). Therefore, the statutory maximum penalty for his § 922(g) convictions is 120 months in prison. (*See* ECF No. 9 at PageID 14.) The statutory maximum term of supervised release is three years. *United States v. Hughley*, 192 F. App'x 447, 451–52 (6th Cir. 2006) (unpublished); *see also* 18 U.S.C. §§ 3581, 3583.

For the foregoing reasons, Neely's § 2255 motion is GRANTED. His sentence is reduced to 120 months in prison, to be followed by three years' supervised release. All other terms of Neely's sentence are reaffirmed.

IT IS SO ORDERED this 26th day of October, 2022.

*Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE